Prob 12
(Rev. 3/88)

**SCANNED**

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

'07 MAR -9 P3:15

U.S.A. vs. Gregory Morris Garmon

Docket No. 00-00035-001 Erie

CLERK
Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Gregory Morris Garmon, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Erie, Pennsylvania, on the 23rd day of October 2001, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter, as directed by the probation officer.
- The defendant shall not possess a firearm or destructive device.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer, but not to exceed the actual cost.
- The defendant shall pay a special assessment of $100.

10-23-01: Distribution of 5 Grams of More of (Crack) Cocaine; 40 months' imprisonment, 5 years' supervised release.
04-01-05: Released to supervision; Currently supervised by U.S. Probation Officer Matthew L. Rea.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that on February 19, 2007, the defendant was admitted to Clarion Psychiatric Hospital in Clarion, Pennsylvania, and was discharged on February 27, 2007. The aftercare recommendation reflects that the defendant was diagnosed with schizoaffective disorder and is to "take all medications exactly as prescribed" and "keep all aftercare appointments." During an office visit with this officer on March 5, 2007, the defendant admitted that he attempted to kill himself, resulting in his admission to Clarion. He also stated that he does not need to take his prescribed mental health medication, and he does not need to see anyone for aftercare or follow-up.

On March 5, 2007, the defendant signed the Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release (enclosed), in which he agreed to waive his rights to a hearing, and he has agreed to a modification of the conditions of his supervision. Specifically, he agreed to participate in a mental health treatment program approved by the probation officer, until such time as the defendant is released from the program by the probation officer.

U.S.A. vs. Gregory Morris Garmon
Docket No. 00-00035-001 Erie
Page 2

PRAYING THAT THE COURT WILL ORDER that the supervised releasee participate in a mental health treatment program approved by the probation officer, until such time as the defendant is released from the program by the probation officer.

ORDER OF COURT

Considered and ordered this 13th day of March, 2007 and ordered filed and made a part of the records in the above case.

_Maurice B. Cohill Jr._
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03-08-07

_Matthew J. Rea_
Matthew L. Rea
U.S. Probation Officer

_Gerald R. Buban_
Gerald R. Buban
Supervising U.S. Probation Officer

Place: Erie, PA